IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| HAYDEE CASTRO RIVERA, | CASE NO. 15-04665 (EAG) |
| DEBTOR. | CHAPTER 13 |
| HAYDEE CASTRO RIVERA, | |
| PLAINTIFF, | |
| v. | ADV. PROCEEDING NO. 15-00232 |
| ORIENTAL BANK. | |
| DEFENDANT. | FILED & ENTERED ON 9/19/2016 |

OPINION AND ORDER

Plaintiff Haydee Castro Rivera moves the court for the entry of partial summary judgment against Oriental Bank for willful violation of the stay. [Adv. Dkt. Nos. 23 & 24.] For the reasons stated below, the plaintiffs' motion for partial summary judgment is granted.

I.  JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1]  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of

## II.  PROCEDURAL BACKGROUND

The plaintiff filed on June 19, 2015 a voluntary petition under chapter 13 of the Bankruptcy Code, which was docketed as case 15-04665. [Bankr. Dkt. No. 1.] The plaintiff commenced this adversary proceeding on September 11, 2015. [Adv. Dkt. No. 1.] On January 18, 2016, Oriental Bank answered the complaint. [Adv. Dkt. No. 19.] At the initial scheduling conference held on January 19, 2016, the parties were granted until May 31, 2016 to file dispositive motions, and until June 30, 2016 to file any oppositions to the dispositive motions. [Adv. Dkt. No. 21.]

On April 8, 2016, the plaintiff moved for summary judgment against Oriental Bank. [Adv. Dkt. Nos. 23 & 24.] On May 4, 2016, the court ordered Oriental Bank to state within fourteen days its position as to the motion for summary judgment. [Adv. Dkt. No. 25.] On June 6, 2016, the plaintiff filed a motion requesting entry of partial summary judgment as unopposed because Oriental did not file an opposition to the motion for summary judgment. [Adv. Dkt. No. 26.][2] On July 29, 2016, the plaintiff filed certified English translations of documents in Spanish that were submitted in support of her motion for summary judgment. [Adv. Dkt. No. 30.]

---

Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

[2] It is firmly established that even where a party fails to file an opposition to a motion for summary judgment, courts are nevertheless required to evaluate such a motion on its merits. See, Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). Neither can a court grant a motion for summary judgment as a sanction. See, De La Vega v. The San Juan Star, Inc., 377 F.3d 111, 113 (1st Cir. 2004).

III.  LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp. 2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)).  Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b).  Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c).  Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The plaintiff complied with Local Civil Rule 56(b) by filing a statement of material facts supported by record citations. However, Oriental Bank ran afoul of Local Civil Rule 56(c) by failing to file an opposing statement of facts to the statement.  Therefore, as provided by Local Civil Rule 56(e), all properly supported material facts set forth by the plaintiff in her statements of facts are deemed admitted.  See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting

repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting <u>Ruiz Rivera v. Riley,</u> 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

IV. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d).

The plaintiff filed on June 19, 2015 a voluntary petition under chapter 13 of the Bankruptcy Code. [Bankr. Dkt. No. 1; Plaintiff's Proposed Statement of Uncontested Facts ("SUF") at ¶ 1, Adv. Dkt. No. 23.] The debtor included Oriental Bank in the creditor mailing matrix and in Schedule D because of a pre-petition car loan with the bank in the amount of $14,600.86 secured by a 2011 Suzuki SX-4 LE (the "vehicle"). [Plaintiff's SUF at ¶¶ 2 & 4, Adv. Dkt. No. 23.] The certificate of service of the notice sent out on the first meeting of creditors dated June 20, 2015 includes Oriental Bank. [Bankr. Dkt. No. 7.] Oriental Bank admitted to having being notified of the petition, but it did not notify the collection agency in charge of locating the vehicle due to a "glitch." [Audio File of Initial Scheduling Conference, Adv. Dkt. No. 20 at 00:02:56.]

The plaintiff is the registered owner of the vehicle in the Puerto Rico Department of Transportation and Public Works. [Plaintiff's SUF at ¶ 4, Exhibit 1, Adv. Dkt. No. 23; Certified Translation, Adv. Dkt. No. 30.] On July 4, 2015, around 7:00 pm, the plaintiff's daughter and granddaughter, a six-year- old, used the vehicle to go to Plaza del Sol Shopping Center in Bayamón, Puerto Rico. [Plaintiff's SUF at ¶ 8, Unsworn declaration under penalty of perjury

by the plaintiff's daughter at ¶4 (the "Unsworn declaration"), Exhibit 2, Adv. Dkt. No. 23.] After
they finished with their purchases and approached the vehicle in the parking lot of the
shopping center, a representative or agent acting on behalf of Oriental Bank identified as José
L. Berríos informed them that the bank would be taking custody of the car.  [Plaintiff's SUF at
¶ 8, Unsworn declaration at ¶5, Exhibit 2, Adv. Dkt. No. 23.]

The plaintiff's daughter informed the bank's representative that her mother, the
plaintiff and owner of the vehicle, was under bankruptcy protection and that collection actions
against her and her property were prohibited by bankruptcy law.  [Plaintiff's SUF at ¶ 9,
Unsworn declaration at ¶6, Exhibit 2, Adv. Dkt. No. 23.]  She also  offered him the number of
the  bankruptcy  case,  so  he  could  corroborate  the  information.  [Id.]  But,  the  bank's
representative confiscated the vehicle right there and then. [Id.]  The plaintiff's daughter and
granddaughter were left without transportation in the parking lot of the shopping center at
night. [Plaintiff's SUF at ¶ 10, Unsworn declaration at ¶7, Exhibit 2, Adv. Dkt. No. 23.]  On July
8, 2015, the plaintiff and her daughter went to  Manheim Caribbean Gate Pass, a repossessed
car lot, to retrieve the vehicle. [Plaintiff's SUF at ¶ 12 Unsworn declaration at ¶9, Exhibit 2,
Adv. Dkt. No. 23.]

On August 4, 2015, Oriental Bank filed proof of claim number 7 for the amount of
$15,065.92 secured by the vehicle. [Claims Register No. 7-1, Bankr. Case 15-04665.]   On the
same date, Oriental Bank filed a notice of appearance on the main bankruptcy case. [Bankr.
Dkt. No. 12.]

On February 11, 2016, the plaintiff filed an amended proposed chapter 13 plan. [Bankr.
Dkt. No. 34.]  Under the terms of the amended plan, the plaintiff would pay Oriental Bank
$14,600.86 for its secured claim. [Id.] On February 29, 2016, the plaintiff's chapter 13 plan was

confirmed. [Bankr. Dkt. No. 41.]

## V.  SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute."  Id.  However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine.  Id.  An issue is "genuine" if it could be resolved in favor of either party.  A fact is "material" if it is potentially outcome-determinative.  See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record

in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

VI.  APPLICABLE  LAW  AND  DISCUSSION

The automatic stay under section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. When a debtor files a bankruptcy petition, his or her property is immediately protected by an automatic stay that prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).  And, property of the estate is broadly defined as encompassing any property to which the estate has some right. See, 11 U.S.C. § 541. The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2014). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg

v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). And, "courts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

Section 362(k) provides individuals with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012). The burden is on the debtor to prove by a preponderance of the evidence that he or she suffered damages as a consequence of the violation of the automatic stay. See, Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 404-405 (B.A.P. 1st Cir. 2004). Actual damages should only be awarded under section 362(k)(1) if there is concrete evidence supporting with reasonable certainty the amount of the award. Id. at 405.

In this case, the court finds that plaintiff has met the burden of proof on the issue of liability. It is uncontested that the plaintiff is the registered owner of the vehicle in the Puerto Rico Department of Transportation and Public Works. And, Oriental Bank, or a collection agency acting on its behalf, obtained control of the vehicle post-petition by confiscating it after

she had filed for bankruptcy. That is, the plaintiff filed for bankruptcy on June 19, 2015, triggering the protection of the automatic stay and the vehicle was confiscated from July 4 to July 8, 2015.

As to whether the violation was willful, "where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Fleet Mortg. Group, 196 F.3d at 269. The record shows that in this case, Oriental Bank was listed in the creditor mailing matrix and received notice of the petition. Oriental Bank also filed a notice of appearance on August 4, 2015 in the main bankruptcy case and has not alleged at any time that it did not receive notice of the bankruptcy petition. And, the court notes that Oriental Bank appeared in this adversary proceeding, answered the complaint, attended the initial scheduling conference where it admitted to having received notice of the petition, but apparently later decided to not to pursue its opposition to the plaintiff's complaint.

Thus, the court finds that Oriental Bank's violation of the stay under section 362(a)(3) was willful, and therefore grants the plaintiff's motion for partial summary judgment on the issue of liability. A separate hearing shall be held regarding the issue of damages suffered by the plaintiff.

VII. CONCLUSION

In view of the foregoing, the plaintiff's motion for partial summary judgment [at Adv. Dkt. Nos. 23 & 24] on the issue of liability is granted. A separate hearing shall be held regarding

the issue of damages suffered by the plaintiff.

In Ponce, Puerto Rico, this 19th day of September 2016.

Edward A. Godoy
U.S. Bankruptcy Judge